1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOHAMAD HARB, et al. | ) | 1:10cv01385 LJO DLB |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION TO REMAND ACTION |
| v. | ) | |
| | ) | (Document 21) |
| CITY OF BAKERSFIELD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| AND RELATED CROSS-ACTIONS | ) | |
| _____ | ) | |

        Plaintiffs Mohamad Harb aka Mohamed Harb, an individual by and through his
conservator Fatema Zagloul, and Fatema Harb, an individual and as conservator for Mohamed
Harb ("Plaintiffs"), filed the instant motion to remand this action to the Kern County Superior
Court on January 11, 2011.  The motion was heard on February 11, 2011, before the Honorable
Dennis L. Beck, United States Magistrate Judge.  Steven Gibbs appeared on behalf of Plaintiffs.
Michael Lehman appeared on behalf of Defendants City of Bakersfield, Bakersfield Police
Department and Claudia Payne.

## **BACKGROUND**

        Plaintiffs filed the underlying action in Kern County Superior Court on December 12,
2008.  Following motion and discovery practice in state court, Plaintiffs believed there was
sufficient evidence to support several potential civil rights violations by the Bakersfield Police
Department.

1    On June 15, 2010, approximately two months before their trial date, Plaintiffs filed a

2    motion in state court seeking leave to amend their complaint to add a cause of action for civil

3    rights violations pursuant to 42 U.S.C. §§ 1981, 1983 and 1985.  On July 15, 2010, the state

4    court granted Plaintiffs leave to file a second amended complaint.  However, before Plaintiffs

5    filed their second amended complaint, Defendant City of Bakersfield, Bakersfield Police

6    Department and Claudia Payne ("Bakersfield Defendants") removed the action to this Court on

7    August 4, 2010.

8    Following removal, Plaintiffs determined that they would not amend to allege their claim

9    for civil rights violations.  In October 2010, Plaintiffs contacted defense counsel and offered to

10   forgo adding the civil rights violations in exchange for a stipulation to remand.  Defense counsel

11   rejected the offer.

12   On December 1, 2010, the parties participated in a scheduling conference.  Because the

13   matter remained in federal court without an operative complaint, the parties agreed to stipulate to

14   the filing of a complaint.  On December 23, 2010, pursuant to the parties' stipulation, the Court

15   ordered Plaintiffs to file an initial complaint within twenty (20) days.

16   On January 11, 2011, Plaintiffs filed a complaint asserting three causes of action: (1)

17   negligence of a public employee (Cal. Gov't Code § 844.6); (2) failure to summon medical aid

18   for prisoner (Cal. Gov't Code § 845.6); and (3) professional negligence.  Plaintiffs

19   contemporaneously filed their motion to remand.  Plaintiffs contend that removal was premature

20   because there was no operative complaint filed in the state court action that indicated federal

21   subject matter jurisdiction on its face.  Plaintiffs further contend that the current complaint

22   contains no grounds for federal court jurisdiction and remand is warranted.

23   Bakersfield Defendants filed an objection to Plaintiffs' motion on January 25, 2011.

24   Plaintiffs did not file a reply.

25   On February 10, 2011, Bakersfield Defendants filed a motion to dismiss, arguing that

26   Plaintiffs are using remand as a forum selection device.  On the same date, Defendants Hall

27   Ambulance Service, Inc., Brian Dumont, Lori Thomas and Darcy Smith filed a motion to dismiss

28   for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

1

2                                        **DISCUSSION**

3   A.    Legal Standard - Removal Jurisdiction

4          By statute "any civil action brought in a State court of which the district courts of the

5   United States have original jurisdiction, may be removed by the defendant or the defendants, to

6   the district court of the United States for the district and division embracing the place where such

7   action is pending."  28 U.S.C. § 1441(a).  The party seeking to invoke federal jurisdiction bears

8   the burden of establishing jurisdiction.  *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F. 2d 1090,

9   1092 (9th Cir. 1990).

10  B.    Analysis

11         Plaintiffs appear to seek remand on two grounds: (1) procedural defects in removal; and

12  (2) lack of subject matter jurisdiction.

13         *Procedural Defects*

14         Plaintiffs argue that removal was premature.  The applicable statutory procedure provides

15  two windows for removal of a civil action: (1) within the first thirty days after defendant receives

16  the "initial pleading;" or, if the initial pleading is not removable, (2) within the first thirty days

17  after the defendant receives an "amended pleading, motion, order or other paper."  28 U.S.C. §

18  1446(a).

19         From the timing in this case, it is clear that the action triggering removal was not the

20  initial pleading filed in December 2008 or Plaintiffs' motion to amend.  Plaintiffs filed their

21  motion papers in June 2010, but Bakersfield Defendants did not remove the matter until August

22  2010.  Rather, the "triggering" event appears to be the state court's decision granting Plaintiffs

23  leave to amend in July 2010.  However, Plaintiffs had not yet filed an amended complaint when

24  Bakersfield Defendants removed the action.

25         In short, Plaintiffs' argument appears to be that there was no pleading, order or other

26  paper filed in state court providing grounds for removal.  *Peabody v. Maud Van Cortland Hill

27  Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989) ("The record of the state court is considered the

28  sole source from which to ascertain whether a case originally not removable has since become

                                             3

removable."); *Cecena v. Allstate Ins. Co*, 2005 WL 2893780, *2 (N.D. Cal. Nov. 2, 2005) (discussing applicability of traditional rule requiring a voluntary act of the plaintiff to justify removal of an action not initially removable); *cf. Fehlman v. McCaffrey*, 2010 WL 1959534, *4-5 (D. Or. Apr. 14, 2010) (removing defendants did not need to await entry of an order in state court dismissing non-diverse defendant before removing).

Regardless of whether removal was premature, however, Plaintiffs did not timely move to remand based on a procedural defect.  A motion to remand for procedural defects must be made within 30 days after the filing of the removal notice.  28 U.S.C. § 1447(c).  In this case, Bakersfield Defendants filed a removal notice in August 2010.  Plaintiffs did not file their remand motion until January 11, 2011, which is beyond the thirty-day limit for procedural defects.

*Subject Matter Jurisdiction*

Plaintiffs also contend that the Court lacks subject matter jurisdiction because neither the operative pleading at the time of removal nor the current pleading contain civil rights causes of action.  Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Pursuant to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Plaintiffs never filed a complaint in state court alleging civil rights violations or causes of action arising under the Constitution, laws or treaties of the United States.  Further, the current operative complaint contains only state law claims.

In opposition, Bakersfield Defendants essentially argue untimeliness of the motion.  Specifically, Bakersfield Defendants contend that Plaintiffs' motion is barred by the thirty-day time limit in 28 U.S.C. § 1447(c).  Section 1147(c) provides that a motion to remand "on the basis of any defect *other than* lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  Thus, the time limit applies to remand motions based on procedural defects, not subject matter jurisdiction.  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded.  28

4

1    U.S.C. § 1447(c).

2          Bakersfield Defendants also argue untimeliness because their responsive pleading was

3    not due until February 10, 2011.  Bakersfield Defendants claim it is improper to require an

4    opposition to the remand motion before they file their responsive pleading and they asked that

5    the hearing be rescheduled.  Bakersfield Defendants' position is without merit.

6          By answering the complaint, Bakersfield Defendants cannot establish jurisdiction.

7    Federal jurisdiction is not proper when the federal question only arises through the defendant's

8    defense.  *Lighting Science Group Corp. v. Koninklijke Philips Electronics N.V.*, 624 F.Supp.2d

9    1174, 1178 (E.D. Cal. 2008) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800,

10   809 (1988)).  A case may not be removed based on a federal defense "even if the defense is

11   anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense

12   is the only question truly at issue."  *Caterpillar Inc*., 482 U.S. at 393.

13         Even by filing a motion to dismiss, Bakersfield Defendants cannot avoid consideration of

14   jurisdiction.  Before examining the merits of a case, the court must first determine its jurisdiction

15   over the action.  Indeed, a federal court must satisfy itself of its jurisdiction over the subject

16   matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

17   574, 577 (1999). "The requirement that jurisdiction be established as a threshold matter ... is

18   inflexible and without exception, for [j]urisdiction is power to declare the law, and without

19   jurisdiction the court cannot proceed at all in any cause." *Id.* (internal quotation marks and

20   citations omitted); *see also* 28 U.S.C. § 1447(c); *Re-Con Building Products, Inc. v. Guardian*

21   *Ins, Co. of Canada*, 2000 WL 432830, *1 (N.D. Cal. Apr. 13, 2000) ("The determination of

22   subject matter jurisdiction is a threshold matter.").

23         At the hearing, Bakersfield Defendants argued that *Carnegie-Mellon Univ. v. Cohill*, 484

24   U.S. 343, 350 (1988) permits consideration of dismissal in lieu of remand.  *Carnegie-Mellon* is

25   distinguishable because the complaint at issue there included both a federal-law claim and a

26   number of state-law claims when it was removed to district court.  *Id.* at 350.  Here, however, the

27   federal claims were never included in an operative pleading, either before or after removal.

28   *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1934) (removability determined at time notice of

1   removal filed).  Thus, this is not the situation contemplated by *Carnegie-Mellon* in which the

2   federal claims have dropped out of the lawsuit in its early stages and only state law claims

3   remain.  *Cf. Carnegie-Mellon Univ.*, 484 U.S. at 350 n. 7 ("[I]n the usual case in which all

4   federal-law claims are eliminated before trial, the balance of factors to be considered under the

5   pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point

6   toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Acri v.*

7   *Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.1997) (when determining whether to remand, a

8   court considers the values of economy, convenience, fairness and comity).

9        Based on the above, Bakersfield Defendants have failed to show that removal was proper

10  and have failed to establish this Court's jurisdiction.

11                                     **<u>ORDER</u>**

12        Based on the above, Plaintiffs' motion to remand is GRANTED.  The Court ORDERS

13  that this action be REMANDED to Kern County Superior Court.

14

15        IT IS SO ORDERED.

16  **Dated:   February 14, 2011**              **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

6